**UNITED STATES of America, Petitioner,**

v.

**Eleazar MANIAGO, Defendant.**

**No. 97 Cr. 418(HB).**

United States District Court,
S.D. New York.

July 16, 1997.

### OPINION AND ORDER

BAER, District Judge.

Defendant has moved to dismiss count eight of the indictment, charging him with violation of 18 U.S.C. § 1001 for allegedly having another employee take a "proficiency exam" in his name. Defendant also moves to strike all references to the proficiency exam from count one of the indictment, which charges defendant with conspiracy to violate, *inter alia*, Section 1001. For the reasons discussed below, the motion is DENIED.

■ Defendant moves to dismiss the charges relating to the proficiency exam on the ground that even if true they do not constitute a violation of Section 1001 because the alleged "exam" does not fall within the jurisdiction of the Food and Drug Adminis-

tration ("FDA") or any other federal agency. In order to uphold a conviction under Section 1001, the government must prove that the "defendant (1) knowingly and willfully (2) made a statement (3) in relation to a matter within the jurisdiction of a department or agency of the United States, (4) with knowledge that it was fictitious and fraudulent." *United States v. Bilzerian,* 926 F.2d 1285, 1299 (2d Cir.1991). Materiality of the statement at issue must also be shown. *United States v. Ballistrea,* 101 F.3d 827, 834 (2d Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 1327, 137 L.Ed.2d 488 (1997). Defendant argues that because no statute requires blood center technicians to take or pass any particular proficiency exam, the indictment fails to satisfy the third requirement listed above. Defendant argues further that the alleged "exam" in question is not an exam at all, but rather a "training exercise".

"The term jurisdiction in § 1001 should be broadly construed." *Bilzerian,* 926 F.2d at 1300. To satisfy Section 1001's jurisdictional requirement, a statement need not be made *to* a federal agent or agency. Rather, "[a]n agency has jurisdiction within the meaning of the statute when it has authority to act upon the information" at issue. *Id.* The scope of Section 1001 is not, however, endless, and does not extend to "matters peripheral to the business" of the agency involved. *United States v. Davis,* 8 F.3d 923, 929 (2d Cir.1993).

The government argues persuasively that the "proficiency examination" at issue here falls squarely within the FDA's "jurisdiction" as that term is used in Section 1001. The government has submitted the affidavit of Mary Carden, an FDA investigator whose primary responsibilities include inspecting facilities that process and manufacture blood products. Ms. Carden states that "exams" such as those at issue here are often used by FDA examiners in determining whether blood centers are complying with the requirement that all "personnel responsible for the collection, processing, compatibility testing, storage or distribution of blood or blood components shall be adequate in ... educational background, testing and experience ... to assure competent performance of their assigned functions." 21 C.F.R. § 606.20.

Failure to meet these requirements could result in the suspension or revocation of a center's license. *See* 21 C.F.R. §§ 601.6, 601.5. Accordingly, the FDA "has the power to exercise authority in [this] particular situation," *Davis*, 8 F.3d at 929, bringing the alleged conduct within the purview of Section 1001. As "[c]ourts have ... affirmed § 1001 convictions for false statements made to private entities receiving federal funds or *subject to federal regulation or supervision,*" *United States v. Gibson*, 881 F.2d 318, 322 (6th Cir.1989), the acts described in the indictment, if true, constitute criminal conduct in violation of 18 U.S.C. § 1001.[1]

For the reasons discussed above, defendant's motion to strike certain portions of the indictment is DENIED.

**SO ORDERED.**

---

**1.** In his reply memorandum, defendant asserts that it is his "understanding that the New York Blood Center is licensed by the State of New York, and is an exempt laboratory under the federal regulatory scheme, such that certain regulations enacted under the federal regulatory scheme are supplanted by state regulations." Def. Reply Mem. at 4 n. 1. Defendant does not, however, put forth any evidence in support of this "understanding" nor does he identify which federal regulations, if any, are "supplanted" by state regulations.